IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALTER CLAY,

      Plaintiff,

v.

PROFESSIONAL PROBATION
SERVICES, INC. AND GWINNETT
COUNTY, GEORGIA,

      Defendants.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION

FILE NO:   1:05-CV-1596

**JURY TRIAL DEMANDED**

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PROFESSIONAL PROBATION SERVICES, INC. <u>TO PLAINTIFF'S COMPLAINT</u>

COMES NOW Professional Probation Services, Inc. ("PPS"), a Defendant in the above-styled civil action and files this its Answer and Affirmative Defenses to Plaintiff's Complaint ("Plaintiff's Complaint") showing the Court as follows:

### <u>FIRST DEFENSE</u>

Plaintiff's Complaint and each and every count set forth therein fail to state and to set forth claims against Defendant PPS upon which relief may be granted.

168419.2

## SECOND DEFENSE

To the extent the Plaintiff asserts state law claims in his Complaint, this Defendant respectfully requests that this Court decline to assume pendant jurisdiction over any such claims.

## THIRD DEFENSE

The claims and allegations set forth in Plaintiff's Complaint, even if taken as true, do not support claims for relief under 42 U.S.C. § 1983.

## FOURTH DEFENSE

To the extent as may be shown by evidence through discovery, this Defendant raises all those affirmative defenses set forth in Fed. R. Civ. P. § 8(c).

## FIFTH DEFENSE

Plaintiff suffered no deprivation of any constitutional or statutory rights as a result of any custom, policy, practice, or procedure of Defendant PPS.

## SIXTH DEFENSE

Plaintiff's claim for punitive damages against Defendant PPS is barred as a matter of law.

168419.2

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## EIGHTH DEFENSE

No act of omission on the part of Defendant PPS proximately caused whatever injury or damages, if any, which Plaintiff claims to have sustained.

## NINTH DEFENSE

Plaintiff voluntarily and knowingly took the risk of injury to his person, the danger of which was so obvious that the act of taking such risk, in and of itself, amounted to a failure to exercise ordinary care and diligence for his own safety.

## TENTH DEFENSE

The sole, proximate cause of the injury to Plaintiff was the negligence of Plaintiff himself.

## ELEVENTH DEFENSE

If these Defendants were negligent in any particular, and these Defendants denying that they were negligent in any particular, nevertheless, the Plaintiff could have avoided the consequences to himself from any alleged negligence on the part of the Defendants.

- 3 -

168419.2

### TWELFTH DEFENSE

Plaintiff was negligent and his negligence was equal to and greater than any alleged negligence on the part of the Defendants, Defendants specifically denying that they were negligent in any particular.

### THIRTEENTH DEFENSE

The Plaintiff was negligent and such negligence proximately contributed to the alleged injury which Plaintiff may have allegedly sustained.

### FOURTEENTH DEFENSE

The claims asserted in each Count of Plaintiff's Complaint are each barred, in whole or in part, by Plaintiff's failure to avoid or mitigate any alleged damages Plaintiff claims have been suffered (Defendant denying that Plaintiff suffered any damages whatsoever).

### FIFTEENTH DEFENSE

Plaintiff is barred from recovering in each Count of Plaintiff's Complaint because he, directly or indirectly, authorized, consented to, acquiesced in, or ratified each of the actions and transactions complained of in Plaintiff's Complaint and each Count thereof.

- 4 -

### SIXTEENTH DEFENSE

Plaintiff is barred from recovering in each Count of Plaintiff's Complaint because of his reckless failure to exercise due diligence and his contributory negligence with respect to the matters alleged in Plaintiff's Complaint and each Count thereof.

### SEVENTEENTH DEFENSE

The claims asserted against Defendant in each Count of Plaintiff's Complaint are each barred, in whole or in part, by the doctrine of Estoppel.

### EIGHTEENTH DEFENSE

Plaintiff's illegal conduct proximately caused Plaintiff's injuries.

### NINETEENTH DEFENSE

The claims asserted against Defendant in each Count of Plaintiff's Complaint are each barred, in whole or in part, by the doctrine of Illegality.

### TWENTIETH DEFENSE

Plaintiff, have failing to do equity, is barred from asserting some or all of the claims alleged in each Count of Plaintiff's Complaint.

### TWENTY-FIRST DEFENSE

Plaintiff may not recover from Defendant because at all times and in all respects, Defendant acted in good faith and did not directly or indirectly

- 5 -

induce the act or acts of anyone constituting any alleged violation of law or cause of action and because Defendant had no knowledge of or reasonable ground to believe in the existence of the facts alleged by Plaintiff by reason of which the liability of any other person is alleged to exist.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to name an indispensable party to this action.

## TWENTY-THIRD DEFENSE

Defendant PPS hereby reserves the right to include additional affirmative defenses and defenses of any nature whatsoever throughout the course of this litigation.

## TWENTY-FOURTH DEFENSE

Defendant PPS responds to the enumerated portions of Plaintiff's Complaint as follows:

1.

Defendant PPS states that Paragraph 1 of Plaintiff's Complaint does not require an answer from it. To the extent that Paragraph 1 of Plaintiff's Complaint requires an answer from this Defendant, Defendant PPS denies any and all allegations contained within it.

- 6 -

2.

Answering the allegations contained within Paragraph 2 of Plaintiff's Complaint, Defendant PPS admits that it is a corporation incorporated in Georgia and further admits that PPS may be served by delivering a copy of the Complaint to John Clayton Cox, 706 Club Parkway, Norcross, Georgia 30093. PPS further admits that this Court has jurisdiction over PPS. Defendant PPS is without sufficient knowledge or information to either admit or deny the remaining allegations contained within this Paragraph 2 and, therefore, they are denied.

3.

Defendant PPS denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

Defendant PPS states that Paragraph 4 of Plaintiff's Complaint does not require an answer from it. To the extent that Paragraph 4 of Plaintiff's Complaint requires an answer from this Defendant, Defendant PPS denies any and all allegations contained within it.

- 7 -

5.

Defendant PPS admits the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.

Defendant PPS denies the allegations contained in Paragraph 6 of Plaintiff's Complaint as stated.

7.

Defendant PPS admits that Nicki Rucker was employed by PPS. Defendant PPS is without sufficient knowledge or information to either admit or deny the remaining allegations contained within Paragraph 7, therefore, they are denied.

8.

Defendant PPS is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 8 of Plaintiff's Complaint and, therefore, they are denied.

9.

Defendant PPS is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 9 of Plaintiff's Complaint and, therefore, they are denied.

168419.2

10.

Defendant PPS admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Upon information and belief, PPS admits the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12.

Defendant PPS is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 12 of Plaintiff's Complaint and, therefore, they are denied.

13.

Defendant PPS is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 13 of Plaintiff's Complaint and, therefore, they are denied.

14.

Answering the allegations contained within Paragraph 14 of Plaintiff's Complaint, and based on the documents and information currently available to this Defendant, PPS admits the allegations contained within Paragraph 14 of Plaintiff's Complaint.

168419.2

15.

Defendant PPS denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

Answering the allegations contained within Paragraph 16 of Plaintiff's Complaint, and based on the documents currently available to PPS, Defendant PPS admits Judge Timothy Hamil issued a warrant for Walter Clay's arrest shown as Exhibit "B" attached to Plaintiff's Complaint. This Defendant denies the remaining allegations contained in this Paragraph.

17.

Defendant PPS is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint and, therefore, they are denied.

18.

Defendant PPS denies the allegations contained within Paragraph 18 of Plaintiff's Complaint.

19.

Upon information and belief, PPS admits the allegations contained within Paragraph 19 of Plaintiff's Complaint.

168419.2

20.

Defendant PPS is without sufficient knowledge or information to either admit or deny the allegations contained within Paragraph 20 of Plaintiff's Complaint and, therefore, they are denied.

21.

Answering the allegations contained within Paragraph 21 of Plaintiff's Complaint, this Defendant admits that Exhibit "C" is a true and correct copy of Judge Iannozzone's Order.   PPS is without sufficient knowledge or information to either admit or deny the remaining allegations in this Paragraph and, therefore, they are denied.

22.

Answering the allegations contained within Paragraph 22 of Plaintiff's Complaint, Defendant PPS admits that the Petition was dismissed on September 24, 2004.   Defendant PPS is without sufficient knowledge or information to either admit or deny the remaining allegations contained in this Paragraph and, therefore, they are denied.  This Defendant further notes that Exhibit "D" attached to Plaintiff's Complaint is a copy of the Arrest Warrant, not a dismissal order.

- 11 -

23.

Defendant PPS denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT I:  VIOLATION OF CONSTITUTIONAL RIGHTS

### Defendant PPS

24.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 23 of Plaintiff's Complaint as if set forth fully herein.

25.

Defendant PPS denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

Defendant PPS denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

27.

Answering the allegations contained within Paragraph 27 of Plaintiff's Complaint, Defendant PPS admits that Nicki Rucker was acting within the scope of her employment with Defendant PPS, during the time periods set out

168419.2

in Plaintiff's Complaint.   Defendant PPS denies the remaining allegations contained within Paragraph 27 of Plaintiff's Complaint.

28.

Defendant PPS denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

## COUNT II:  VIOLATION OF CONSTITUTIONAL RIGHTS

## Defendant Gwinnett County

29.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 28 of Plaintiff's Complaint as if set forth fully herein.

30.

Answering the allegations contained within Paragraph 30 of Plaintiff's Complaint, Defendant PPS admits that Nicki Rucker was acting within the scope of her employment with Defendant PPS, during the time periods set out in Plaintiff's Complaint.   Defendant PPS denies the remaining allegations contained within Paragraph 30 of Plaintiff's Complaint.

168419.2

31.

Defendant PPS denies the allegations contained within Paragraph 31 of Plaintiff's Complaint as stated.

## COUNT III:  FALSE ARREST

32.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 31 of Plaintiff's Complaint as if set forth fully herein.

33.

Defendant PPS denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

Defendant PPS denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendant PPS denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

- 14 -

## COUNT IV:  FALSE IMPRISONMENT

### 36.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 35 of Plaintiff's Complaint as if set forth fully herein.

### 37.

Defendant PPS denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

### 38.

Defendant PPS denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

### 39.

Defendant PPS denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

168419.2

## COUNT V:  INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS

### 40.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 39 of Plaintiff's Complaint as if set forth fully herein.

### 41.

Defendant PPS denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

### 42.

Defendant PPS denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

## COUNT VI:  RESPONDEAT SUPERIOR LIABILITY
## Defendant PPS

### 43.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 42 of Plaintiff's Complaint as if set forth fully herein.

- 16 -

168419.2

44.

Defendant PPS admits the allegations contained within Paragraph 44 of Plaintiff's Complaint for the time periods set out in Plaintiff's Complaint.

45.

Defendant PPS denies the allegations contained within Paragraph 45 of Plaintiff's Complaint for the time periods set out in Plaintiff's Complaint.

## COUNT VII: NEGLIGENCE

### Defendant PPS

46.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 45 of Plaintiff's Complaint as if set forth fully herein.

47.

Defendant PPS denies the allegations contained within Paragraph 47 of Plaintiff's Complaint as stated.

48.

Defendant PPS denies the allegations contained within Paragraph 48 of Plaintiff's Complaint.

- 17 -

49.

Defendant PPS denies the allegations contained within Paragraph 49 of Plaintiff's Complaint.

50.

Defendant PPS denies the allegations contained within Paragraph 50 of Plaintiff's Complaint.

## COUNT VIII:  NEGLIGENCE/MALPRACTICE

### Defendant Gwinnett

51.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 50 of Plaintiff's Complaint as if set forth fully herein.

52.

Defendant PPS denies any and all allegations contained within Paragraph 52 of Plaintiff's Complaint.

53.

Defendant PPS denies any and all allegations contained within Paragraph 53 of Plaintiff's Complaint.

- 18 -

168419.2

## COUNT IX:  NEGLIGENT FAILURE TO TRAIN AND SUPERVISE

### Defendant Gwinnett

54.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 53 of Plaintiff's Complaint as if set forth fully herein.

55.

Defendant PPS denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant PPS denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

### COUNT X:  PUNITIVE DAMAGES

57.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 56 of Plaintiff's Complaint as if set forth fully herein.

168419.2

58.

Defendant PPS denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.

Defendant PPS denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.

Defendant PPS denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.

Defendant PPS denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

## COUNT XII:  ATTORNEYS' FEES AND LITIGATION EXPENSES

62.

Defendant PPS repeats, realleges and incorporates by reference its answers to Paragraphs 1 through 61 of Plaintiff's Complaint as if set forth fully herein.

168419.2

63.

Defendant PPS denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.

Defendant PPS denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant PPS denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant PPS expressly denies any and all allegations contained within the WHEREFORE or Ad Damnum clause in Plaintiff's Complaint, specifically including, but not limited to, subparagraphs 1 through 5.

67.

Any and all allegations in Plaintiff's Complaint not responded to above are expressly denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant PPS respectfully requests:

- 21 -

(a)     That the Court dismiss the Complaint against PPS and enter a judgment in favor of PPS on all counts contained in the Compliant;

(b)     That all costs of this action, including attorneys' fees, be taxed against Plaintiff; and

(c)     That the Court grant PPS such other and all further relief as is just and proper.

**Defendant Professional Probation Services, Inc. respectfully demands a jury trial in this action.**

Submitted this _10th_ day of October, 2005.

NALL & MILLER, LLP


By: _Adriane Y. Sammons_
**Michael D. Hostetter**
Georgia Bar No. 368420
**Adriane Y. Sammons**
Georgia Bar No. 223317

Attorneys for Defendant Professional
Probation Services, Inc.

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone: 404-522-2200

- 22 -

168419.2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER CLAY, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | FILE NO:   1:05-CV-1596 |
| v. | * | |
| | * | |
| PROFESSIONAL PROBATION | * | |
| SERVICES, INC. AND GWINNETT | * | |
| COUNTY, GEORGIA, | * | |
| | * | |
| Defendants. | * | |

## **RULE 5.1 CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PROFESSIONAL PROBATION SERVICES, INC. TO PLAINTIFF'S COMPLAINT has been prepared with one of the font and point selections approved by the court in LR 5.1B (Times New Roman 14 point) and that I have this day served counsel for all parties in the foregoing matter with a copy of the same by placing a true and correct copy in the United States Mail with sufficient postage affixed thereon, addressed as follows:

- 23 -

168419.2

Marcy A. Wellings, Esquire
CLARK & TOWNE, P.C.
600 South Perry Street
Lawrenceville, Georgia 30045

This *10th* day of October, 2005.

By: *Adriane Y. Sammons*
**Adriane Y. Sammons**
Georgia Bar No. 223317

Attorney for Defendant Professional
Probation Services, Inc.

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone:  404-522-2200
Fax:  404-522-2208

- 24 -

168419.2