IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER CLAY, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | FILE NO:   1:05-CV-1596 |
| v. | * | |
| | * | |
| PROFESSIONAL PROBATION | * | |
| SERVICES, INC. AND GWINNETT | * | |
| COUNTY, GEORGIA, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANT'S MOTION TO DISMISS
## OR IN THE ALTERNATIVE MOTION TO COMPEL AND
## BRIEF IN SUPPORT THEREOF

**COME NOW** Professional Probation Services, Inc. and Gwinnett

County, Georgia, Defendants in the above-styled action, and file this their

Motion to Dismiss or in the alternative Motion to Compel and brief in support

thereof as follows:

### FACTS

On December 1, 2005, the Defendants served upon Plaintiff's counsel

the Defendants' First Interrogatories and Requests for Production of

Documents to Plaintiff, which are attached to and incorporated herein as

Exhibits "A" and "B." In accordance with Local Rule 37.1, these are verbatim

178469.1

copies of the Requests. Defendants gave Plaintiff an extension of time to respond to discovery through February 2, 2006. Plaintiff's counsel confirmed he would provide discovery responses on that date. On February 14, 2006, Defendants' counsel deposed Plaintiff pursuant to Notice. At that time, Defendants' counsel reiterated that discovery responses from the Plaintiff were overdue.

Additionally, on January 19, 2006, Defendants served Requests for Admissions to Plaintiff. Plaintiff has failed entirely to respond to these requests.

Defense counsel discussed the issue of the delinquent discovery responses with Plaintiff's counsel over the telephone on several occasions. On February 22, 2006, Defense counsel sent a good faith letter requesting that the Plaintiff provide his discovery responses by February 27, 2006, or the Defendants would be forced to seek resolution from the Court. *See* Certificate of Compliance with Local Rule 37.1 along with Good Faith Letter dated February 22, 2006, attached to and incorporated herein as Exhibit "C."

As of the date of the filing of this Motion, Defendants still have not received Plaintiff's responses to Defendants' Requests for Admissions, First Interrogatories and Requests for Production of Documents.

178469.1

## ARGUMENT AND CITATION OF AUTHORITY

Defendants bring this Motion to Compel under the Federal Rules of Civil Procedure, F.R.C.P. 37, which states in pertinent part:

> (a)  Motion for Order Compelling Disclosure or Discovery.  A party, upon reasonable notice to other parties and to all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

> (2)(B)  Motion.  If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

> (4)  Expenses and Sanctions.

> (A)  If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection

- 3 -

was substantially justified, or that other circumstances make an award of expenses unjust.

F.R.C.P. 37 (2006).

The control of discovery proceedings is important so that just and speedy determination of the lawsuit can be reached.  Rule 37 of the Federal Rules of Civil Procedure provides trial courts with the means and power to enforce compliance with the rules of discovery by imposing sanctions for failure to comply with discovery.  In re:  Professional Hockey Anti-Trust Litigation, 531 F.2d 1188 (1976), rev'd on other grounds.  The purpose of imposing sanctions is to assure both future compliance with discovery rules and to punish past discovery failures as well as to compensate the parties for expenses incurred due to another party's failure to properly allow discovery. Hashemi v. Campaigner Publications, Inc., 572 F.Supp. 331 (N.D. Ga. 1983). When a party in a lawsuit refuses to comply with the other party's discovery requests, it is within the discretion of the district court to apply various sanctions, including entering default judgment under F.R.C.P. 37.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  Attorneys' fees may also be assessed against the disobeying party.

In the instant case, over three (3) months have passed since the Defendants' First Interrogatories and Requests to Produce were served upon

- 4 -

the Plaintiff.   Plaintiff has totally failed to respond to the Requests for Admissions, Interrogatories and Requests to Produce, even after counsel for the Defendants' good faith attempt to resolve this issue.

## CONCLUSION

Based on the foregoing, Defendants request that their Motion be granted and that the Plaintiff's case be dismissed with prejudice or in the alternative the Plaintiff be compelled to respond to Defendants First Interrogatories and Request for Production of Documents in a timely fashion and that the Requests for Admissions be deemed admitted without objection.   Defendants further request that attorneys' fees be awarded to defense counsel for having to draft and file the within Motion.

Respectfully submitted this 9th day of March, 2006.

**NALL & MILLER, LLP**

s/Adriane Y. Sammons
**Michael D. Hostetter**
Georgia Bar No. 368420
**Adriane Y. Sammons**
Georgia Bar No. 223317

Attorneys for Defendant Professional Probation Services, Inc. and Gwinnett County, Georgia

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone: 404-522-2200

- 5 -

178469.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER CLAY, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | FILE NO:   1:05-CV-1596 |
| v. | * | |
| | * | |
| PROFESSIONAL PROBATION | * | |
| SERVICES, INC. AND GWINNETT | * | |
| COUNTY, GEORGIA, | * | |
| | * | |
| Defendants. | * | |

## RULE 5.1 CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO COMPEL AND BRIEF IN SUPPORT THEREOF has been prepared with one of the font and point selections approved by the court in LR 5.1B (Times New Roman 14 point) and that I have this day served counsel for all parties in the foregoing matter via electronic filing and by placing a true and correct copy of the same in the United States Mail with sufficient postage affixed thereon, addressed as follows:

178469.1

Marcy A. Wellings, Esquire
CLARK & TOWNE, P.C.
600 South Perry Street
Lawrenceville, Georgia 30045

This 9th day of March, 2006.

 s/Adriane Y. Sammons
**Adriane Y. Sammons**
Georgia Bar No. 223317

Attorney for Defendant Professional
Probation Services, Inc. and Gwinnett
County, Georgia

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone:  404-522-2200
Fax:  404-522-2208

- 7 -

178469.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALTER CLAY                          :
                                     :
        Plaintiff,                   :
                                     :
                                     :   Civil Action
v.                                   :   File No. 1:05-CV-1596
                                     :
PROFESSIONAL PROBATION               :
SERVICES, INC. AND GWINNETT          :
COUNTY, GEORGIA                      :
                                     :
        Defendants.                  :

## DEFENDANT PROFESSIONAL PROBATION SERVICES, INC.'S
## FIRST INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

**COMES NOW** Professional Probation Services, Inc. ("PPS"), a Defendant in the above-styled action, and requires that the Plaintiff answer under oath the following interrogatories and requests for production of documents within the time provided by law and furnish a copy of the answers and responses to this Defendant's attorneys, NALL & MILLER, LLP, Suite 1500, North Tower, 235 Peachtree Street, N.E., Atlanta, Georgia 30303.

NOTE A:   When used in these interrogatories and requests to produce, the term "Plaintiff" or any synonym thereof is intended to and shall embrace and include, in addition to the Plaintiff, all agents, servants, representatives, private investigators and others who are in a position of obtaining or may have obtained information for or on behalf of the Plaintiff.

170901.1



EXHIBIT
A

NOTE B:   When used in a Request for Production of Documents, the terms "DOCUMENT" and "DOCUMENTS" are intended to and shall embrace and include, every writing and record of every type and description, including, but not limited to, correspondence, memoranda, transcripts, testimony, written notes, checks, check registers, books and accounting logs, computer cards, computer printouts, electronic and computer imaging, tapes, discs, and records of all types, minutes of meetings, microfilm, pictures and voice recordings, or every device or medium through which information has been stored. These terms also mean a copy where the original is not in your possession, custody or control, and every copy of the document if such copy is not a duplicate of the original.

NOTE C:  For any documents requested to be produced, you are requested to produce them at the office of Nall & Miller, LLP, Suite 1500, 235 Peachtree Street, N.E., Atlanta, Georgia 30303, within the time allowed by law.  In lieu of this, you may attach copies of any such documents to your answers to these interrogatories and requests to produce.

NOTE D:  These interrogatories and requests to produce shall be deemed continuing so as to require supplemental answers pursuant to *O.C.G.A.* § 9-11-26(e).

## INTERROGATORIES

### 1.

Please state the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these interrogatories.

- 2 -

170901.1

2.

Please state your full name, date and place of birth, each and every name you have used in the past, and the dates you used each and every such name, each and every social security number issued to you in your name or any other name you have used in the past.

3.

Please list your present residence address (including county), how long you have lived at this address, the amount of the monthly rent or mortgage for this address, the name of the person who pays the monthly rent or mortgage, whether you live in a private home, apartment or other type of residence, and if a private home, who owns it, or if an apartment, the name and address of your landlord.

4.

Other than your present residence address, please list each and every other residence address (including county), at which you resided during the past ten years and the dates you resided at each address during the past ten years, the amount of the monthly rent or mortgage for each and every address, the name of the person who paid the monthly rent or mortgage, whether you lived in a private home, apartment or other type of residence, and if a private home, who owned it, or if an apartment, the name and address of your landlord.

5.

Please list each and every state that has issued you a driver's license in the last ten years, the license or identification number for each and every such driver's license, the expiration date for each and every such driver's license, all restrictions associated with each and every such

- 3 -

170901.1

driver's license, whether each and every such driver's license has ever been suspended, reinstated, revoked or canceled, or if any of your applications for a driver's license in the past ten years has ever been denied or not renewed, the reasons for such denial or non-renewal, and the date and state where such denial or non-renewal occurred.

6.

If you are or have been married, please state the full married name of each and every one of your spouses as well as the full maiden name of each and every one of your spouses, the dates and places of your marriages, the dates and places of any separations or divorces, and the last known addresses for each and every one of your spouses.

7.

State the full name and last known address, giving the street number, street, city and state, of every person known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the incident referred to in your Complaint. If you contend any of the witnesses listed in your answer to this Interrogatory were eyewitnesses to any of the events alleged, please indicate this in your response.

8.

Have you or has anyone acting on your behalf obtained statements from any person who was a witness to the incident which is the subject of this litigation or who has knowledge of the events which transpired immediately before or immediately following the incident which is the subject of this litigation. If so, please state the following:

(a)    The person from whom any statement was taken;

- 4 -

(b)     The type of statement which was taken (written, recorded, etc.);

(c)     The date on which the statement was taken; and

(d)     The name and address of the present custodian of each such statement.

9.

Please list the name and address of each school or other academic or vocational institution you have attended, beginning with high school, the dates you attended, the highest grade level you completed, the degrees you received and the dates you received such degrees.

10.

For the five years immediately preceding the date of the incident referred to in your Complaint until the present, please state the names, addresses and telephone numbers of each of your employers or place of self-employment, the dates of commencement and termination of each such source of employment or self-employment, a detailed description of the services or work performed for each source of employment or self-employment, the frequency of payment from each source of employment or self-employment (weekly, bi-weekly or monthly), both your gross and net pay for each source of employment or self-employment, whether you received additional compensation for overtime pay, and if so the average amount of overtime you worked for each source of employment or self-employment, the form of payment of salary (check, cash, or other; if other, please explain) for each source of employment or self-employment, the name of your immediate foreman, contractor or other superior to whom you were responsible at each of the places of employment or self-employment, and whether a physical examination was

- 5 -

required for any employment or self-employment listed, and, if so, the date, place and person giving the physical examination.

11.

For the five years immediately preceding the date of the incident referred to in your Complaint until the present, if you were or are self-employed, or if you worked or work as an independent contractor, please state the address and telephone numbers of the persons or businesses for whom you have performed work or services, the nature of the work or services performed and the dates they were provided, whether you billed each service or the work performed at a flat rate, an hourly rate, or a job rate, the amount of payment you received, and the name and address of each bookkeeper, payroll clerk, or other person having records of salaries or other sums of money paid to you during the five years immediately preceding the date of the incident referred to in your Complaint until the present.

12.

If employed since the incident referred to in your Complaint, please state the name and address of each employer, the position held and nature of work being performed, the dates of commencement and termination of such employment, the hours worked per week, your weekly wages, earnings, income or profit, whether a physical examination was required for each employment and, if so, the date, place and person giving the examination, and, for each employer, whether or not you made any representations in writing or answered in writing any questions concerning your physical condition.

- 6 -

13.

List all income you received during the past 12 months, its source, the basis for its computation and the total amount received from each source.

14.

Have you filed income tax returns for the five years immediately preceding the date of the incident referred to in your Complaint until the present, and if so, state the dates filed and date and place where these records can be inspected.

15.

If you have ever been involved in any other legal action, including but not limited to personal injury actions, workers compensation claims, bankruptcy actions, and divorces, either as a defendant or as a plaintiff, please state the date and place each such action was filed, giving the name of the court, the name of the other party or parties involved, the names of the attorneys representing each party, a description of the nature of each such action, the result of each such action, whether there was an appeal and the result of the appeal, and whether such case was reported and the name, volume number and page citation of such report.

16.

Do you or anyone acting on your behalf contend that any person involved in the incident violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the incident, and if so, identify the name, address and telephone number of each person and the statute, ordinance or regulation that was violated.

- 7 -

170901.1

17.

Do you, your attorneys, or anyone acting on your or their behalf have or know of any photographs, motion pictures, videotapes, transcripts, statements, maps, drawings, diagrams, x-rays, or any other tangible or demonstrative evidence concerning the incident referred to in your Complaint made either before, after, or at the time of the events in question referred to in your Complaint? If so, as to each item, state its nature and specific subject matter, the date it was made or taken, the name and last known address of the person who made or took it, what each such item purports to show, illustrate or represent, and the name and address of the person having custody of such item.

18.

Please itemize all expenses and special damages which you claim resulted from the incident referred to in your Complaint.

19.

Please state each and every fact upon which you base the allegation, set forth in Paragraphs 35, 39, 42, 45, 50, 59 and 61 of your Complaint, that you are entitled to punitive damages from this Defendant.

20.

Do you attribute any physical, mental, or emotional injuries to the incident and, if so, please describe in detail the injuries you allegedly sustained as a result of the incident.

- 8 -

21.

Do you attribute any loss of income or earning capacity to the incident, and if so, please state the nature of your work, your job title at the time of the incident, the date your employment began, the last date before the incident that you worked for compensation, your monthly income at the time of the incident and how the amount was calculated, the date you returned to work at each place of employment following the incident, the dates you did not work and for which you lost income as a result of the incident, the total income you have lost to date as a result of the incident and how the amount was calculated.

22.

Do any documents and/or agreements support the existence or amount of any loss of earnings claims, and if so, describe each document and/or agreement, including, but not limited to, the names and addresses of all parties to each document and/or agreement, the terms and conditions of each document and/or agreement and state the name, address, and telephone number of the person who has custody of each such document and/or agreement.

23.

Are there any other damages that you attribute to the incident referred to in your Complaint, and if so, for each item of damage please state the nature of the damage, the date it occurred, the amount, and the name, address and telephone number of each person to whom an obligation was incurred.

- 9 -

24.

Do any documents support the existence or amount of any item of damages claim in Interrogatory 23, and if so, describe each document and state the name, address, and telephone number of the person who has custody of each such document.

25.

Have you ever been arrested, and if so, for each arrest please state date of the arrest, the charges for which you were arrested, the county and state where the arrest took place, and the final disposition for each arrest.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

26.

You are requested to produce any and all statements in your possession referred to in Interrogatory No. 8.

27.

You are requested to produce any and all records of salaries or other sums of money paid to you during the five years immediately preceding the date of the incident referred to in your Complaint until the present referred to in Interrogatory No. 11.

28.

You are requested to produce any and all income tax returns referred to in Interrogatory No. 14.

170901.1

29.

You are requested to produce any and all documents or items referred to in Interrogatory No. 17.

30.

You are requested to produce any and all documents or items evidencing all expenses and special damages referred to in Interrogatory No. 18.

31.

You are requested to produce any and all documents and/or agreements evidencing the existence or amount of any loss of earnings claims referred to in Interrogatory No. 22.

32.

You are requested to provide any and all documents evidencing the existence of or amount of any other damages referred to in Interrogatory Nos. 23 and 24.

33.

You are requested to provide any and all documents evidencing your employment status for the five years immediately preceding the date of the incident referred to in your Complaint until the present.

This 1st day of December, 2005.

NALL & MILLER, LLP

**Michael D. Hostetter**
Georgia Bar No. 368420

- 11 -

170901.1

**Adriane Y. Sammons**
Georgia Bar No. 223317

**ATTORNEYS FOR DEFENDANTS**

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone:  404-522-2200
Fax:  404-522-2208

- 12 -

170901.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WALTER CLAY | : |
| | : |
| Plaintiff, | : |
| | : Civil Action |
| v. | : File No. 1:05-CV-1596 |
| | : |
| PROFESSIONAL PROBATION | : |
| SERVICES, INC. AND GWINNETT | : |
| COUNTY, GEORGIA | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE OF DISCOVERY

The undersigned certifies that on the 1st day of December, 2005, a true and correct copy

of **DEFENDANT PROFESSIONAL PROBATION SERVICES, INC.'S FIRST**

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO**

**PLAINTIFF** was served, by depositing same in the United States mail with sufficient postage

affixed thereto to assure delivery, upon all parties of record as follows:

Marcy A. Wellings, Esquire
CLARK & TOWNE, P.C.
600 South Perry Street
Lawrenceville, Georgia 30045

170901.1

This 1st day of December, 2005.

NALL & MILLER, LLP


/s/Adriane Y. Sammons
**Adriane Y. Sammons**
Georgia Bar No. 223317

**ATTORNEYS FOR DEFENDANTS**

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone:  404-522-2200
Fax:  404-522-2208

170901.1

CM/ECF LIVE v2.5 - U.S. District Court

12 - 1    Page 1 of 1

ORg. Pldg.
77050- 15
ClAy

## Discovery Documents
1:05-cv-01596-CAP Clay v. Professional Probation Services, Inc. et al

### U.S. District Court

### Northern District of Georgia

Notice of Electronic Filing

The following transaction was received from Hostetter, Michael entered on 12/1/2005 at 12:32 PM EST
and filed on 12/1/2005

**Case Name:**          Clay v. Professional Probation Services, Inc. et al
**Case Number:**        1:05-cv-1596
**Filer:**              Professional Probation Services, Inc.
**Document Number:** 12

**Docket Text:**
CERTIFICATE OF SERVICE *of First Interrogatories and Request for Production of Documents to
Plaintiff* by Professional Probation Services, Inc..(Hostetter, Michael)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=12/1/2005] [FileNumber=1011424-0
] [6524c246466faa5616095f7162dc2620a8fa4808148b581ce1b6d0bafe3a58b61f3
61062dbcdb552d42d4cb313099af879a41461c7deb03d01a5044948803924]]

### 1:05-cv-1596 Notice will be electronically mailed to:

Adriane Y. Sammons    asammons@nallmiller.com

Marcy Wellings    mwellings@clarktowne.com

### 1:05-cv-1596 Notice will be delivered by other means to:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| WALTER CLAY | : |
| Plaintiff, | : |
| v. | : Civil Action |
|  | : File No. 1:05-CV-1596 |
| PROFESSIONAL PROBATION | : |
| SERVICES, INC. AND GWINNETT | : |
| COUNTY, GEORGIA | : |
| Defendants. | : |

## DEFENDANT GWINNETT COUNTY, GEORGIA'S
## FIRST INTERROGATORIES
## AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

**COMES NOW** Gwinnett County, Georgia ("Gwinnett"), a Defendant in the above-styled action, and requires that the Plaintiff answer under oath the following interrogatories and requests for production of documents within the time provided by law and furnish a copy of the answers and responses to this Defendant's attorneys, NALL & MILLER, LLP, Suite 1500, North Tower, 235 Peachtree Street, N.E., Atlanta, Georgia 30303.

NOTE A: When used in these interrogatories and requests to produce, the term "Plaintiff" or any synonym thereof is intended to and shall embrace and include, in addition to the Plaintiff, all agents, servants, representatives, private investigators and others who are in a position of obtaining or may have obtained information for or on behalf of the Plaintiff.

171695.1



EXHIBIT
B

NOTE B:   When used in a Request for Production of Documents, the terms "DOCUMENT" and "DOCUMENTS" are intended to and shall embrace and include, every writing and record of every type and description, including, but not limited to, correspondence, memoranda, transcripts, testimony, written notes, checks, check registers, books and accounting logs, computer cards, computer printouts, electronic and computer imaging, tapes, discs, and records of all types, minutes of meetings, microfilm, pictures and voice recordings, or every device or medium through which information has been stored. These terms also mean a copy where the original is not in your possession, custody or control, and every copy of the document if such copy is not a duplicate of the original.

NOTE C:   For any documents requested to be produced, you are requested to produce them at the office of Nall & Miller, LLP, Suite 1500, 235 Peachtree Street, N.E., Atlanta, Georgia 30303, within the time allowed by law.   In lieu of this, you may attach copies of any such documents to your answers to these interrogatories and requests to produce.

NOTE D:   These interrogatories and requests to produce shall be deemed continuing so as to require supplemental answers pursuant to *O.C.G.A.* § 9-11-26(e).

171695.1

## INTERROGATORIES

### 1.

Have you ever been accused of, pled guilty to or been convicted of a felony (or in New Jersey, a high misdemeanor) or crime, or an attempt to commit a felony (or in New Jersey, a high misdemeanor) or crime, and if so, for each affirmative answer, please state the crime or attempted crime, the date of the crime or attempted crime, the date of conviction or plea, the county state and where the crime or attempted crime took place, the sentence imposed and the court and case number for each conviction.

### 2.

Have you ever been sentenced to serve time in jail or other correctional facility for any conviction of a felony or crime, and if so, please state the date and term of each and every sentence, the date of the crime for which each and every sentence was imposed and the address (including county) for each and every jail or correctional facility in which you have served all or a portion of any sentence.

### 3.

Have you ever been placed on parole and/or probation under Federal or State law following an arrest, and if so, for each and every parole and/or probation please state the date of the arrest for which you were placed on parole and/or probation, the charges for which you were arrested and then placed on parole and/or probation, and the county and state where the arrest and parole and/or probation took place.

- 3 -

171695.1

4.

Were you on parole and/or probation under Federal or State law at the time of the incident referred to in your Complaint, and if so, what were the terms of your parole and/or probation, and were you in compliance with those terms, including, but not limited to, length of time of your parole and/or probation period, payment of any and all court-ordered fines, reporting to your parole and/or probation officer for any and all scheduled meetings, payment of any and all parole and/or probation supervision fees, completion of any and all work alternative programs, attendance at any and all victim impact panel sessions, providing proof of attendance at each and every evaluation as directed, including, but not limited to a mental health evaluation.

5.

Have you ever violated any parole probation under Federal or State law following an arrest, and if so, for each and every violation of parole and/or probation please state the charges for which you were arrested and then violated parole and/or probation, each and every date you violated parole and/or probation, the county and state where each and every violation of parole and/or probation took place, your whereabouts during which each and every day you violated parole and/or probation, each and every reason why you violated parole and/or probation and when, where and how you were arrested following each and every violation of parole and/or probation.

- 4 -

6.

Please list the names of each and every parole and/or probation officer ever assigned to you, and the date and time of each and every scheduled appointment to meet with your parole and/or probation officer, regardless of whether or not you kept the appointment.

7.

Where were you residing during the period October 24, 2000, to September 5, 2004?

8.

Why did you abscond from the State of Georgia and violate your probation during the period October 24, 2000, to September 5, 2004?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

10.

You are requested to produce any and all documents in your possession describing the length of time of your parole and/or probation period; showing proof of payment of any and all court-ordered fines, showing proof of attendance at any and all scheduled meetings with your parole and/or probation officer, showing proof of payment of any and all parole and or probation supervision fees, demonstrating completion of any and all work alternative programs, indicating attendance at each and every evaluation as directed, including but not limited to a mental health evaluation.

- 5 -

11.

You are requested to produce any and all documents identifying each and every parole or probation officer ever assigned to you, and evidencing each and every scheduled appointment to meet with your parole and/or probation officer, regardless of whether or not you kept the appointment.

This 1st day of December, 2005.

NALL & MILLER, LLP

Michael D. Hostetter
Georgia Bar No. 368420
**Adriane Y. Sammons**
Georgia Bar No. 223317

**ATTORNEYS FOR DEFENDANTS**

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone:  404-522-2200
Fax:  404-522-2208

171695.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER CLAY | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | File No. 1:05-CV-1596 |
| | : | |
| PROFESSIONAL PROBATION | : | |
| SERVICES, INC. AND GWINNETT | : | |
| COUNTY, GEORGIA | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE OF DISCOVERY

The undersigned certifies that on the 1st day of December, 2005, a true and correct

copy of **DEFENDANT GWINNETT COUNTY, GEORGIA'S FIRST**

**INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**TO PLAINTIFF** was served, by depositing same in the United States mail with sufficient

postage affixed thereto to assure delivery, upon all parties of record as follows:

Marcy A. Wellings, Esquire
CLARK & TOWNE, P.C.
600 South Perry Street
Lawrenceville, Georgia  30045

171695.1

This 1st day of December, 2005.

NALL & MILLER, LLP

/s/Adriane Y. Sammons
**Adriane Y. Sammons**
Georgia Bar No. 223317

**ATTORNEYS FOR DEFENDANTS**

Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1401
Phone: 404-522-2200
Fax: 404-522-2208

171695.1

CM/ECF LIVE v2.5 - U.S. District Court

*12-1   Page 1 of 1*

*Original
  disc.
77050-15
(CLAY)*

## Discovery Documents
1:05-cv-01596-CAP Clay v. Professional Probation Services, Inc. et al

### U.S. District Court

### Northern District of Georgia

Notice of Electronic Filing

The following transaction was received from Hostetter, Michael entered on 12/1/2005 at 12:25 PM EST and filed on 12/1/2005

**Case Name:**        Clay v. Professional Probation Services, Inc. et al
**Case Number:**      1:05-cv-1596
**Filer:**            Gwinnett County, Georgia
**Document Number:** 11

**Docket Text:**
CERTIFICATE OF SERVICE *First Interrogatories & Requests for Production of Documents to Plaintiff* by Gwinnett County, Georgia.(Hostetter, Michael)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=12/1/2005] [FileNumber=1011409-0
] [498c79fbe02f0eb9f6a0c83ae80923e4fe0c569ff8e327e10eab6be718fb4f09eb0
53188a6177ecf3ca4cf29cf5fcb115b4bf7952825713bc5f50bbff0a616e0]]

#### 1:05-cv-1596 Notice will be electronically mailed to:

Adriane Y. Sammons    asammons@nallmiller.com

Marcy Wellings    mwellings@clarktowne.com

#### 1:05-cv-1596 Notice will be delivered by other means to:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER CLAY, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | FILE NO:   1:05-CV-1596 |
| v. | * | |
| | * | |
| PROFESSIONAL PROBATION | * | |
| SERVICES, INC. AND GWINNETT | * | |
| COUNTY, GEORGIA, | * | |
| | * | |
| Defendants. | * | |

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1</u>

I, Adriane Sammons, counsel for Defendants, hereby certify that I attempted on several occasions, both orally and in writing, to resolve a discovery dispute with Plaintiff, asking for responses to all discovery served on Plaintiff in this action. Such attempts have failed, requiring the need for Court intervention.

Respectfully submitted this 9th day of March, 2006.

 s/Adriane Y. Sammons

NALL & MILLER, LLP
Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, Georgia 30303-1905
Phone:  404-522-2200
Fax:  404-522-2208



EXHIBIT
C

178468.1

# Nall & Miller, LLP

ATTORNEYS AT LAW

235 Peachtree Street, NE, Suite 1500
Atlanta, Georgia 30303-1401
Fax 404.522.2208

**ADRIANE Y. SAMMONS**

asammons@nallmiller.com

A. WALTON NALL (1908-1984)
SAMUEL A. MILLER (1906-2003)

**404.522.2200**

February 22, 2006

**Via Facsimile and U.S. Mail**

David Clarke, Esquire
Marcy A. Wellings, Esquire
CLARK & TOWNE, P.C.
600 South Perry Street
Lawrenceville, Georgia 30045

> Re:   *Walter Clay v. Professional Probation Services, Inc., et al.*
> Civil Action File No. 1:05-CV-1596, U.S. District Court,
> Northern District, Atlanta Division
> **Our File No. 77050-015**

Dear David and Marcy:

Please allow this letter to serve as a good-faith effort to resolve a discovery dispute pursuant to Uniform Superior Court Rule 6.4(b). As you know, I have for some time been attempting to obtain information from your client in response to our First Interrogatories and Request for Production of Documents that were served on Plaintiff on December 1, 2005. Understanding that I gave you an extension to respond through the beginning of February 2006, to date, I still have no responses to discovery in this case. You have indicated to me on several occasions that responses would be forthcoming. Since Mr. Clay was in your office on February 14, 2006, respectfully, I see no reason why discovery responses have not been completed.

Please be advised that if I do not receive Plaintiff's discovery responses within five (5) business days of the date of this letter, I will be forced to file a motion to compel with the Court.

177391.1

David Clarke, Esquire
Marcy A. Wellings, Esquire
February 22, 2006
Page 2

   Additionally, please allow this letter to serve as a request for dates of availability
for the deposition of Mr. Clay's former and current spouse as well as for the deposition of
both of his parents.  I would like to depose these individuals during the month of March.
I look forward to hearing from you regarding dates of availability for their depositions in
accordance with your schedules.

                              Sincerely yours,

                              Adriane Y. Sammons
                              For the Firm

AYS/ds

177391.1

* * * Transmission Result Report (MemoryTX) ( Feb. 22. 2006  4:18PM ) * * *

Date/Time: Feb. 22. 2006  4:18PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 4605 Memory TX | 7703382341 | P.  3 | OK | |

--------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail            E. 2) Busy
E. 3) No answer                       E. 4) No facsimile connection

### Nall & Miller, LLP

| FAX COVER SHEET | ATTORNEYS AT LAW | A. WALTON NALL (1908-1984) |
|---|---|---|
| | 235 Peachtree Street, NE, Suite 1500 | SAMUEL A. MILLER (1906-2002) |
| | Atlanta, Georgia 30303-1401 | |
| | Fax 404.522.2208 | |
| | 404.522.2300 | |

February 22, 2006

To:  David Clark, Esquire
     Marcy A. Wellings, Esquire
Firm:  CLARKE & TOWNE, P.C.
Phone #:
Fax #:  770-338-2341
Re:  Clay v. Professional Probation Services, Inc., et al.
From:  Adriane Y. Sammons
Fax #:  404-522-2208
File :  77050-015
Pages:  3  , including this cover sheet.

Original Follows By Mail:  Yes   Sent By:  ds   Time Sent:  4:17  (P.M.)

Message:

CONFIDENTIALITY NOTE:  THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

177382.1